## Farmers' National Bank of Somerset v. Board of Education of Somerset.

(Decided April 21, 1931.)

W. B. MORROW for appellant.

JOHN S. COOPER and H. H. DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Somerset is a city of the fourth class. The Somerset public graded school district embraces the city and also territory lying outside the city. Pursuant to a request made, by the board of education, the fiscal court of Pulaski county on May 16, 1924, levied a poll tax of $2 on each male inhabitant within the graded school

boundary, and also an ad valorem tax of $1.50 on each $100 of property lying within the boundary, for the purpose of maintaining the schools, including sinking fund, repairs and improvements of building, etc. On the property listed by the Farmers' National Bank of Somerset its taxes for the year 1924 amounted to $2,640. Of this sum $704 was paid in the month of November, 1924. The balance of $1,936 was not paid until September 4, 1928. Alleging the foregoing facts, and further that, because of the failure of the bank to pay the $1,936, on or before December 1, 1924, it was entitled to recover a penalty of 6 per cent. of that amount, or the sum of $116.16, and interest at the rate of 6 per cent. on $1,936 up to September 4, 1928, or the sum of $337.52, the board of education brought this action against the Farmers' National Bank to recover the above sum. Filed with the petition was a copy of the order of the fiscal court. The bank filed a demurrer to the petition. Thereafter the board of education filed an amended petition reiterating the allegations of the petition and claiming a penalty of 10 per cent. under and by virtue of an ordinance enacted by the board of council of the city of Somerset, and asking judgment for $571.12. Thereupon the bank made a motion to require the board of education to elect which cause of action it would prosecute, the one alleged in the original petition or the one alleged in the amended petition. At the same time the bank filed a general demurrer both to the original and amended petition, and also moved the court to strike both the original and amended petition from the record. Thereupon the demurrers and several motions were overruled, and the bank having declined to plead further, judgment was rendered in favor of the board of education for the sum of $571.12, together with 6 per cent. interest thereon from the date of judgment until paid. From that judgment this appeal is prosecuted.

Formerly it was the law that whenever the boundary of the school district did not coincide with the boundary of a city of the fourth class, for the board of council of such city, upon the adoption of the proper resolution by the board of education, to make the levy for school purposes on property within the city and for the fiscal court to make the levy on property outside the city. Section 3587a-19, Kentucky Statutes, 1922. By the amendment of 1922 (Laws 1922, c. 35) the method was

changed so that where the school district does not coincide with the city limits the fiscal court levies the tax for school purposes both on property in and outside of the city. Section 3587a-19, Kentucky Statutes 1930. The former statute was further amended by the act of 1924 (Laws 1924, c. 61) so as to provide for the collection of school taxes by the city tax collector instead of the sheriff. Section 3587a-19, Kentucky Statutes 1930. As the school taxes are levied by the fiscal court and not by the board of council of the city, it necessarily follows that the penalty imposed by ordinance on delinquent municipal taxes does not apply, but that section 4148, Kentucky Statutes 1922, then in force, providing for a penalty of 6 per cent., together with 6 per cent. interest, on taxes that are not paid on the 1st day December after the same are due, is controlling. Therefore, the board was not entitled to a 10 per cent. penalty, but only to a 6 per cent. penalty, together with 6 per cent. interest on the unpaid taxes from December 1, 1924.

We are not inclined to the view that the court erred in refusing to sustain the motion to elect. The cause of action was the recovery of interest and penalty on taxes that had been paid. The only difference between the original and amended petition is the amount of recovery, it being claimed in the original petition that the board of education was entitled to a penalty of 6 per cent., and in the amended petition that it was entitled to a penalty of 10 per cent. If properly pleaded the board was entitled to one or the other of these sums, and it cannot be said that the two causes of action were so inconsistent that the amended petition constituted a departure from the original petition.

As the amended petition proceeds solely on the theory that the taxes became delinquent on November 1, 1924, and that the board was entitled to a 10 per cent. penalty as provided by the city ordinance, it is at once apparent that the petition as amended is defective. It is also defective in that it alleges the tax bills were duly placed in the hands of the city collector for collection without specifying the date when they were placed in his hands. In the circumstances the demurrer to the petition as amended should have been sustained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.